754          NEBRASKA REPORTS.          [VOL. 115

State, ex rel. Spillman, v. First Nat. Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, ET AL.,
APPELLANTS, V. FIRST NATIONAL BANK OF CARROLL
ET AL., APPELLEES.

FILED JULY 1, 1927. No. 24924.

Depositaries: DEPOSIT OF STATE MONEYS: LIABILITY OF SURETIES.
At the expiration of his term of office as state treasurer
January 4, 1923, C. held four certificates of deposit in the
sum of $1,000 each, issued to him September 29, 1922, by the
First National Bank of Carroll on account of $4,000 deposited in
said bank during his administration. In the settlement between
retiring state treasurer and incoming state treasurer the re-
tiring state treasurer retained said certificates as his own prop-
erty, accounting to the incoming state treasurer for their value
by delivering to him his personal check for $4,000. Ten days
later C. had said certificates of deposit renewed by said bank,
and subsequently delivered them to R. and received from him,
as such state treasurer, his check for $4,000. *Held,* an invest-
ment by R., state treasurer, of $4,000 of state funds in certifi-
cates of deposit owned by C., and not a deposit of money in said
bank by R. during his term of office, within the meaning of
section 6186, Comp. St. 1922, and sureties on depository bond
given to secure repayment of money deposited belonging to the
state not liable for payment of said certificates of deposit.

APPEAL from the district court for Wayne county:
DE WITT C. CHASE, JUDGE. *Affirmed in part, and reversed
in part.*

O. S. *Spillman, Attorney General, Lloyd Dort* and *R. J.
Shurtleff,* for appellants.

*H. E. Siman, A. R. Davis* and *C. H. Hendrickson, contra.*

Heard before ROSE, GOOD, THOMPSON and EBERLY, JJ.,
LESLIE and SHEPHERD, District Judges.

LESLIE, District Judge.

This action is brought by the state of Nebraska, by the
attorney general, and the then state treasurer, on four cer-
tificates of deposit, to secure payment of which it is alleged
a depository bond was given by the First National Bank
of Carroll as principal, and defendants D. R. Thomas, John

Davis, Alfred Thomas, and T. J, Thomas, as sureties in the sum of $15,000. The amount sought to be recovered in this action is $4,000 alleged to have been deposited by the then state treasurer in said defendant bank on the 15th day of January, 1923.

The bank's answer to the petition is made by Charles H. Randall, receiver, and admits that the state of Nebraska had on deposit in said bank $4,000, for which certificates of deposit were issued, but alleges that he has no further . knowledge of the matters set forth in said petition, and, therefore, denies each and every allegation contained in plaintiff's petition.

The defendant sureties filed for their answer a general denial.

At the close of the plaintiff's evidence the defendants rested and plaintiff and defendants moved for a directed verdict. The jury were discharged and the court found in favor of all of the defendants and against the plaintiff.

Errors assigned are that the judgment of the trial court in favor of the bank is contrary to the law and the evidence.

There are few, if any, disputed questions of fact to consider. Prior to January 4, 1923, D. B. Cropsey was treasurer of the state of Nebraska. On June 30, 1921, as such, he deposited $12,000 in the First National Bank of Carroll. This deposit was secured by a depository bond signed by the Lion Bonding Company as surety. Subsequently the Lion Bonding Company went into the hands of a receiver. Cropsey, as state treasurer, made demand upon the bank for the $12,000. The bank being unable to make payment, or furnish surety bond, owing to its financial condition, Cropsey accepted a personal bond from the bank running directly to himself. Later the bank paid Cropsey the $12,-000, and thereafter, on or about September 29, 1922, Cropsey deposited $4,000 in the bank and received from the bank four certificates of deposit of $1,000 each. The personal bond taken to secure the $12,000 previously deposited was allowed to remain as security for the $4,000 deposit.

On January 4, 1923, Cropsey's term of office as state treasurer expired, and Charles D. Robinson succeeded him in that office. On or about that date a settlement was had between the outgoing treasurer, Cropsey, and the incoming treasurer, Robinson. In this settlement Cropsey gave Robinson his personal check for $4,000, and retained the four certificates of deposit which had been previously issued to him by the defendant bank. In his testimony Cropsey states that these certificates of deposit and the bond given to secure the payment of the same then became his property. On January 15, 1923, 11 days after the expiration of his term as state treasurer, Cropsey went to the First National Bank of Carroll, and on that date the bank issued and delivered to him four new certificates of deposit in the sum of $1,000 each, ostensibly to take the place of the four certificates of deposit that had been issued to Cropsey September 29, 1922; and on or about the same time the bond sued upon herein was executed by the bank and the sureties above named. On January 19, 1923, Cropsey took the bond and the new certificates of deposit to the then state treasurer, Robinson, and delivered them to him, and the latter gave his check as state treasurer to Cropsey, which said check Cropsey retained and cashed.

The bond alleged to have been given to secure the payment of the certificates of deposit in controversy herein recites that it is given for state treasurer's term beginning on the 4th day of January, A. D. 1923, and, "in consideration of the deposit of certain moneys of the state of Nebraska, * * * in the First National Bank of Carroll."

The first, and perhaps the only, question for consideration in disposing of this case, so far as the sureties on the bond are concerned, is whether any moneys of the state of Nebraska were deposited in the First National Bank of Carroll during the administration of the state treasurer's term beginning on the 4th day of January, 1923. Appellee contends that not one cent was deposited in this bank by the state treasurer during his term beginning on the 4th day of January, 1923.

On January 4, 1923, Cropsey retired from office and Robinson succeeded him. At that time there was, theoretically at least, $4,000 on deposit in the First National Bank of Carroll to the credit of the state treasurer, for which Cropsey held four certificates of deposit of $1,000 each. The outgoing treasurer, Cropsey, retained the four certificates of deposit and paid their value over to the incoming treasurer, Robinson, giving him his personal check for $4,000. When this was accomplished, both Cropsey and Robinson concede in their testimony that the four certificates of deposit and the bond given to secure the payment (in which Cropsey, and not the state, was named as obligee) became the property of Cropsey to do with as he saw fit. The bank at this time was insolvent, and had been for months, though it had not gone into the hands of a receiver. Ten days after his retirement from office Cropsey had the bank issue new certificates of deposit to him in the name of the state treasurer, and had a depository bond executed as security for the payment of, not the specific certificates, but any and all moneys belonging to the state of Nebraska deposited in said bank during the state treasurer's term beginning January 4, 1923. After obtaining possession of the new certificates of deposit and the depository bond, Cropsey had the bond approved by the proper authorities and then delivered it and the certificates to the then state treasurer, Robinson, receiving from him as such state treasurer a check for $4,000 in payment therefor. Was this a deposit of $4,000 in cash belonging to the state of Nebraska by the then state treasurer, Robinson, or was it a purchase by Robinson from Cropsey of the four certificates of deposit that had been issued to Cropsey in extinguishment of the indebtedness owing by the bank on the four certificates of deposit that he retained as his own property when he retired from office? We are unable to see how, by any process of reasoning, it can be held to be a deposit by Robinson of $4,000 of the state's funds during his term of office. Robinson never deposited a dollar in the defendant bank during his administration. He invested $4,000 of the

state's funds in the certificates of deposit held by Cropsey and owned by him on account of moneys deposited in the defendant bank during Cropsey's administration. The bond was given to secure repayment to the state of moneys deposited by the state in the defendant bank during Robinson's administration, not to secure the payment of securities in the form of certificates issued to Cropsey in renewal of certificates of deposit held by him at the expiration of his term of office on account of deposits made during his administration.

As to the defendant bank, however, liability on its part is clearly established on the certificates of deposit. The only fact in issue between the plaintiff and the defendant bank raised by the bank's answer is whether demand of payment was made upon the bank by the plaintiff before the commencement of this action, and whether payment was made. The evidence establishes that demand was made, and payment refused.

The judgment of the trial court is affirmed as to the defendants D. R. Thomas, John Davis, Alfred Thomas, and T. J. Thomas, sureties, but said judgment is reversed as to the defendant First National Bank of Carroll and Charles H. Randall, receiver, and remanded to the trial court, with instructions to enter judgment for the plaintiff against said bank and receiver for the amount due on said certificates of deposit.

AFFIRMED IN PART, AND REVERSED IN PART.